

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-6287

July 22, 2024

The Honorable Judge Cathy Bissoon
United States District Court
Western District of Pennsylvania
700 Grant Street
Pittsburgh, PA 15219

Re: <u>Leda Health Corp. v. Michelle Henry and Letitia James, 24-cv-00879 (CB)</u>

Dear Judge Bissoon:

This Office represents Defendant, New York Attorney General Letitia James, named solely in her official capacity (the "NYAG"), in the above-referenced action. The NYAG writes to request leave to file a single combined brief of up to 45 pages in support of its forthcoming (i) motion to dismiss Plaintiffs' complaint; and (ii) opposition to Plaintiffs' motion for preliminary injunction.

In their Complaint, Plaintiffs Leda Health Corporation and its CEO and founder, Madison Campbell seek declaratory and injunctive relief against the NYAG under 42 U.S.C. § 1983, for purported violations of their First Amendment rights. Plaintiffs have also filed a Motion for Preliminary Injunction seeking to enjoin the NYAG from pursuing her ongoing investigation of Plaintiffs ("PI Motion"). (ECF 2) On July 2, 2024, the Court ordered Defendants' opposition to the PI Motion to be filed by July 31, any reply papers to be filed by August 19, and set a hearing date on the motion of August 26, 2024.

As I informed the Court during a July 2, 2024 conference, the NYAG contends that the Court lacks personal jurisdiction over her. The NYAG intends to move to dismiss the Complaint on that ground and several others, including lack of subject matter jurisdiction, improper venue, and failure to state a claim, on the same day that it opposes Plaintiffs' PI motion.[1] Given that Plaintiffs' likelihood of success on the merits is a prerequisite to any injunctive relief sought in the PI Motion, the NYAG's arguments in support of her dismissal motion will necessarily address that aspect of Plaintiffs' PI Motion. Accordingly, we respectfully request leave to file a combined brief of up to 45 pages encompassing all relevant issues, rather than two separate memoranda addressing many of the same facts, arguments, and authorities. Notably, Plaintiffs' Memorandum of Law in Support of the PI Motion is 39 pages.

---

[1] On July 17, 2024, I had an initial pre-motion "meet and confer" discussion with Plaintiffs' counsel pursuant to Rule 2.A. of Your Honor's Practices and Procedures and followed up with exchanges of emails. The parties did not agree that the motion can be avoided.

      Plaintiffs' counsel did not consent to our request for a page enlargement when I asked him last week, taking the position that NYAG must file two separate memoranda. However, we believe that a combined memorandum would allow for a more efficient and orderly presentation of the issues for the Court and the parties.

      Thank you for Your Honor's consideration of this request.

Respectfully submitted,

*s/Rosemary B. Boller*
Rosemary B. Boller (NY 9850)
Assistant Attorney General
(Admitted *pro hac vice*)

cc:     All counsel of record (via ECF)